IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONY ROBINSON, SR.,                  :

       Plaintiff,                :    Case No. 3:07cv194

  vs.                                  :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,     :

       Defendant.                :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #12) SUSTAINED IN PART AND NOT RULED UPON IN PART; JUDGMENT TO BE ENTERED, UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING AND VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

      Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On December 20, 2007, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be affirmed.  Based upon the reasoning and citations to the record and of authority, set forth in pages 1 through 4 of the Plaintiff's Objections (Doc. #12) to the Magistrate Judge's Report and Recommendations (Doc. #11), upon the pertinent part of the Plaintiff's Statement of the Case (Doc. #8 at 12-18), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, and reversing and vacating the decision of non-disability reached by the Defendant Commissioner and remanding the captioned cause to said Defendant for further administrative proceedings consistent with this Opinion.  The Plaintiff's Objections to said judicial filing (Doc. #13, pages 1 through 4) are sustained.  The remainder of the Defendant's Objections are not ruled upon.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed and vacated, and the matter remanded to the Defendant Commissioner.

     In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C.

§ 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made.  This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence."  <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), citing <u>Consolidated Edison Company v. NLRB</u>, 305 U.S. 197, 229 (1938); <u>Landsaw v. Secretary of Health and Human Services</u>, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson</u>, <u>supra</u>, at 401; <u>Ellis v. Schweicker</u>, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  <u>Foster v. Bowen</u>, 853 F.2d 483, 486 (6th Cir. 1988); <u>NLRB v. Columbian Enameling and Stamping</u>

Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Plaintiff maintains his insured status through June 30, 2009.

2. Without question, had this Court been hearing this matter, on a *de novo* basis, a finding of disability would have been entered in favor of the Plaintiff. However, the role of a district court, in considering an appeal from the decision of an Administrative Law Judge, is neither to weigh the evidence nor to substitute its own opinion on how the matter before it should have been resolved. Rather, the task is to determine whether the Defendant's decision of non-disability is supported by substantial evidence. In this matter, while the Court concludes that the decision of the Defendant Commissioner was <u>not</u> supported by substantial evidence, it further concludes that all factual issues have not been resolved and that, accordingly, a remand to the Defendant Commissioner is the appropriate decision. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

3. In this Court's opinion, the Administrative Law Judge's rejection of the opinion of disability rendered by Plaintiff's treating rheumatologist was not supported by substantial evidence. Indeed, his reasoning, set forth at page 9 of his decision, mischaracterized the doctor's findings and, indeed, failed to consider those

portions of Dr. Henderson's reports pertinent to his diagnosis of fibromyalgia, at all. For example, he states at page 9 of his decision, Tr. 33, as follows:

> Dr. Henderson may be a rheumatologist and a treating source.  However, neither he nor any other medical source has provided detailed findings with regard to specific numbers of trigger points, an important diagnostic criterion for fibromyalgia.  Dr. Henderson does not explain why such copious amounts of multiple narcotics need to be prescribed for the "fibromyalgia."  He apparently is relying heavily on the patient's subjective complaints.  (See his letter to the attorney in March 2005, which summarizes his findings (past and present) of "physical exam was relatively unremarkable," labs were negative, and whole body scan showed only right knee changes "with other joints being essentially unremarkable.")

Nowhere does he cite and discuss the fact that, while at times, Dr. Henderson and other treating physicians referred to multiple tender points, generally, Dr. Henderson, by August, 2004 (some 13 months after the claimed onset date of disability), was referring to specific numbers of tender points, noting 11/18 tender points on examination in August, 2004 (Tr. 262); 12/18 trigger points in March, 2005 (Tr. 266), and 11/18 trigger points in June, 2006 (Tr. 287).  These readings would presumably, according to Plaintiff's Memorandum, justify a diagnosis of fibromyalgia based on the number of tender points on palpation.  Morever, Dr. Henderson did rule out other causes of pain, and transmits that information to the Defendant, by indicating that testing was negative for other disease processes.  One manner in which fibromyalgia is diagnosed is to elicit a series of tender points on palpation and to rule out other possible conditions through objective medical and clinical trials. This, Dr. Henderson did, and so notified the Defendant Commissioner.  Moreover,

the eliciting of tender points on palpation not only tends to corroborate his earlier reports of disability, but also to corroborate the other medical source opinions of record, which the Administrative Law Judge discounted.

  4. The only weakness, insofar as the Plaintiff is concerned, is that the specific tender points were not noted by Dr. Henderson (or, for that matter, by any one else), until some 13 months after the claimed onset date.  While one could certainly infer that a definitive diagnosis of fibromyalgia in August, 2004, would raise a very persuasive presumption that the disease existed some 13 months earlier, this Court is not allowed, on review of the Administrative Law Judge's decision, to engage in its own fact finding.  Accordingly, while the evidence of record is certainly persuasive of disability, as of August 30, 2004, when Dr. Henderson first noted the tender points on palpation, same are not conclusive on the subject of disability, as of the time of the claimed onset date of July 26, 2003. Accordingly, since all factual issues have not been resolved, given said hearing officer's not taking into consideration Dr. Henderson's later reports, remand to the Defendant Commissioner is required.

  WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was

not supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #12) are sustained in part and not ruled upon in part.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing and vacating the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion, to wit: to thoroughly consider the entirety of Dr. Henderson's reports, including, but not limited to, his reports of August 30, 2004, and after, each of which sets forth a certain number of tender points on palpation and the absence of any other possible medical conditions through objective medical and clinical trials; and to consider the entirety of Dr. Henderson's reports, including a definitive diagnosis of fibromyalgia, together with all other treating sources of record, in order to determine, based upon the record as it now exists, or based upon any other evidence that the parties wish to offer, whether Plaintiff was under a disability, entitling him to Social Security benefits, as of July 26, 2003, <u>or at any other date thereafter</u>.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 25, 2008                         /s/ Walter Herbert Rice
                                                WALTER HERBERT RICE, JUDGE
                                                UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.